CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARTHUR LEE WOODS, | )<br>)<br>) |
| Plaintiff, | ) Case No. 7:10CV00420<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| FEDERAL BUREAU OF PRISONS,<br>ET AL., | ) By: Glen E. Conrad<br>) Chief United States District Judge<br>) |
| Defendant(s). | ) |

In this prisoner civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), plaintiff has submitted payment for the costs associated with mailing notice of waiver of service of summons and appropriate paper work to the defendants. He has also filed a motion to amend to name a new defendant, Correctional Officer Andy Wolfe. The court will grant the motion to amend, but upon review of the complaint as amended, concludes that several of plaintiff's claims must be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### A. No Personal Involvement

The Bivens doctrine recognizes a cause of action against federal officials named in their individual capacities for infringements of constitutionally protected interests. Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983). Liability in a Bivens case is "personal, based upon each

---

[1] Pursuant to § 1915A, the court may dismiss claims filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). The amended complaint describes several discreet incidents that occurred while plaintiff was incarcerated at the United States Penitentiary (USP Lee) in Jonesville, Virginia, in which plaintiff says prison officials violated his constitutional rights in various respects. However, plaintiff fails to allege any unlawful conduct by the following individuals who were identified as defendants: Assistant Warden Mrs. Brown and Correctional Officer Tipton.[2] All claims against these defendants must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

## B. Verbal Threats

Plaintiff alleges that on October 14, 2009, Andy Wolfe looked through the cell door window at plaintiff, placed his hand in front of his face[, and] then proceeded to slide his finger across his throat." Plaintiff interpreted this gesture as a threat of bodily harm or death and now sues Wolfe under § 1983 for the mental distress that Wolfe's gesture allegedly caused him. As stated, the court will grant the amendment. However, the claim against Wolfe must be summarily dismissed.

Allegations of verbal abuse and similar harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) ("Verbal harassment or abuse of the sort alleged in this

---

[2] In describing an incident on October 16, 2009, plaintiff refers that "since [he] cuffed-up for" Ms. Brown on a prior occasion, his "situation had gotten worse." He does not, however, allege that Brown took any specific action in violation of his rights on October 16, 2009 or during the previous cuffing incident.
The only mention of Defendant Tipton in the amended complaint appears in the section concerning the relief plaintiff is requesting, where he states that he seeks $20,000 from Tipton and another officer "for excessive force (wanton abuse) 8th Amendment and mental and emotional injury." Plaintiff does not, however, allege any action personally undertaken by Tipton in violation of his rights. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (finding that to state actionable claim, complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

case [i.e., the sheriff refusing to mail certain legal correspondence for a prisoner and threatening to hang him] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.")); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.1990), aff'd 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation). Wolfe's hand gesture, by itself, caused plaintiff no more harm than a verbal taunt or threat would have caused him. Plaintiff does not allege that Wolfe took any action that harmed plaintiff or that suggested any intention or ability to inflict harm on plaintiff. Accordingly, the court cannot find that plaintiff has alleged facts stating a claim that Wolfe deprived him of any constitutionally protected right and will dismiss this claim without prejudice, pursuant to § 1915A(b)(1).

### C. Confiscation of Property

Plaintiff's allegation that Capt. Wilson took all of plaintiff's property on October 13, 2009 does not state a claim of constitutional significance. Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as plaintiff possessed tort remedies under Virginia state law, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case. Accordingly, the court will dismiss plaintiff's property claim against Wilson, pursuant to § 1915A(b)(1), as legally frivolous.

### D. Denial of Visitation and Telephone Use

Plaintiff alleges that starting October 9, 2009 until he left USP Lee, officials there would not let him use a telephone to contact his family. He also alleges that although his family continued to

come to visit him, after October 13, 2009, he refused to leave his cell because he "feared for [his] life from staff," and officials would not tell family the reason that they were not allowed to visit with him.

Plaintiff's claims concerning visitation and telephone use must be dismissed because he fails to name any defendant involved in these alleged violations, despite the court's expressly advising him to do so. Trulock, 275 F.3d at 402. In any event, plaintiff's allegations fail to state constitutional claims against anyone regarding these issues. Neither prisoners nor would-be visitors have a constitutionally protected right to prison visitation. White v. Keller, 438 F. Supp. 110, 115 (D. Md. 1977), aff'd, 588 F.2d 913 (4th Cir. 1978). See also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (finding no constitutional infringement where prison policies prevented some inmates from visiting with some relatives). Moreover, plaintiff's allegations indicate that his inability to visit with his family was the result of his own choice not to leave his cell. Furthermore, while inmates retain a First Amendment right to reasonable telephone access to communicate with the outside world, the right is not unlimited; prison officials may properly restrict an inmate's telephone privileges if doing so is reasonably related to a legitimate prison security problem, such as the inmate's repeated refusal to comply with officials' orders. See, e.g., Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir. 1989). The court will dismiss plaintiff's claims regarding visitation and telephone access, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

By separate order, in the interest of judicial efficiency, the court will direct the clerk to attempt service of process on the remaining defendants by mailing appropriate paperwork to the defendants and the Office of the United States Attorney. Plaintiff is again advised that once the

defendants respond to his complaint, he must take immediate steps to discover the names of any defendants whose names he does not know.

The clerk shall send a copy of this order to plaintiff and to counsel of record for the defendants.

ENTER: This 14th day of March, 2011.

/s/ Glen Conrad
Chief United States District Judge