CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 09 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARTHUR LEE WOODS, ) | CASE NO. 7:10CV00420 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM ORDER |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ET AL., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant(s). ) | |

Arthur Lee Woods, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against officials at the United States Penitentiary Lee County (USP Lee), and defendants are due to respond to his complaint within a few weeks. Woods now submits a letter, stating that he fears for his life at the United States Penitentiary Allenwood (USP Allenwood) in White Deer, Pennsylvania, where he is currently incarcerated. He says he believes the staff there is "trying to set [him] up to get killed," apparently based on the fact that his family has not responded to a letter that Woods sent them on May 3, 2011.[1] He states to the court, "[P]lease don't forsake my life, I'm in the need of help! Hear my voice!" Based on the nature of his petitions for help, the court docketed this submission in this case, the only lawsuit Woods has pending in this court, as a motion for temporary restraining order. Construed as such, Woods' motion must be denied.

---

[1] Shortly after receiving Woods' submission, the court also received a letter from his wife, stating that she and other family members were concerned that they had not received mail from Woods for several weeks. She enclosed a copy of a letter Woods' mother had received from him, dated May 3, 2011, in which he said he was being "hidden," he feared "for his life from staff and inmates" at USP Allenwood, and that although staff had known of his fear since early April 2011, "they continue to torment [him] by holding [him] here." He also said in this letter that "[t]hey spoon feed[ ] me my mail! I've only received 6 pieces since [April 8, 2011] . . . ."

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial,[2] the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1940 (2009).

Woods has not stated any facts on which the court could reasonably conclude that he is likely to suffer harm at the hands of USP Allenwood staff, as he alleges, or that the public interest would be furthered by an order of interlocutory relief in this case. The facts that he is housed in segregated confinement and that there is some unspecified limitation on the amount of mail he can receive or send are not indicative of any significant risk that he will suffer irreparable harm in the absence of court intervention, and neither are Woods' speculative, but unsupported "fears" that his life is in danger from staff or inmates. Thus, Woods fails to satisfy

---

[2] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

at least two of the necessary factors under the Winter standard, all of which must be met in order to warrant interlocutory relief. Moreover, Woods recognizes that the Allenwood prison officials in Pennsylvania are not within this court's jurisdiction and that any claims he may have against them regarding his current confinement are not related to the claims in this lawsuit.

For the stated reasons, the court will deny the motion for interlocutory relief and will not construe it as a motion to amend this action. An appropriate order will issue this day.

Plaintiff is advised that if he believes the actions of the Allenwood officials have violated his constitutional rights, he may pursue a new and separate civil rights action against them under Bivens, in a federal district court in Pennsylvania, where the defendants reside and where they took the challenged actions against him.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 9th day of June, 2011.

_____
Chief United States District Judge